IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| PRATTVILLE PRIDE, <br> ADAM HUNT, <br> CARYL LAWSON, <br>     **Plaintiffs** <br> vs. <br><br> **The City Of Prattville, Alabama** <br> **A political subdivision of the State of** <br> **Alabama, and certain members of its** <br> **governing body, Bill Gillespie in his** <br> **official capacity,** <br>     **Defendants.** | Civil Action File No:_____ |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR EMERGENCY TEMPORARY INJUNCTION

Comes now the Plaintiffs in the above styled matter and files this Brief in Support of Plaintiff's Motion for Emergency Temporary Injunction showing the Court as follows:

### Facts

### Citation of Authorities and Argument

This case and its pleadings have had to be prepared under extreme limitations of time and schedule. Therefore, this Brief will not be an exhaustive recitation of the controlling law governing the cases such as the one before the Court.

Most of what will be submitted in this Brief to the Court comes from two recent decisions; one from this same Court, Padgett v Auburn University et al., 3:2017cv00231 and one from the United States Sixth Circuit Court of Appeals, Bible Believers, et al. vs. Wayne County, Michigan, et al., 805 F.3d 228 (6th Circuit 2016). Both rulings appear to be directly on point on all issues concerning the right of the respective parties to freedom of speech and the weighing of that right against the need for public order.

## General Law on First Amendment Protection of Unpopular Speech

To start, there has been no showing that Plaintiffs' views are even offensive whatsoever nor what The City of Prattville thinks those views are. Plaintiffs have never been convicted of a crime of moral turpitude. Plaintiffs have had previous interactions with the City of Pratville that have caused no harm to any member of the community. Most notably, in June of 2024 Prattville Pride hosted a Pride event at a City of Prattville park. The Plaintiffs worked closely with the city, followed all city ordinances and no instances of harm occurred during the event. The event attracted over 3,000 people to the area and Plaintiffs left the park cleaner than they found it.

There is nothing harmful or harm causing about the Plaintiffs nor is there anything harmful about their views to include: loving our neighbors, inclusion, acceptance, and diversity. The group stands to serve marginalized and disenfranchised members of the community as well as build bridges between members of the LGBTQ community and the rest of the community at large. Their appearance in the parade would not be harmful to the community or to the citizens of Prattville. The burden is on The City of Prattville to prove that there is something dangerous in Plaintiffs' float appearing in the annual parade and they have failed to do so.

First Amendment judicial decisions are clear- the government (here The City of Prattville) may not prohibit the expression of an idea because society finds the idea offensive or disagreeable. Snyder v. Phelps, 562 U.S. 443, 458, 131 S.Ct. 1207, 179 L.Ed2d 172 (2011). It has been held that the First Amendment may even serve its purpose when it induces a climate of unrest, creates dissatisfaction with conditions as they are or even stirs people to anger. Termiello v. City of Chicago, 337 U.S. 1, 4, 69 S. Ct. 894, 93 L.Ed. 1131 (1949).

No Actual Violence or Disturbance Any Violence is Projected and Conjectural. As of the writing of this Brief, the day before the event, there have been no acts of violence arising out of

the Plaintiffs projected participation in the parade. Any violence is entirely prospective and conjectural. This was and is nothing more than cowards making threats to the city. The mere tendency of speech to encourage or provoke unlawful acts is not sufficient reason for banning it. Ascroft v. Free Speech Coalition, 535 U.S. 234, 253, 122 S.Ct. 1389, 152 L.ED.2d 403 (2002). Plaintiffs have not committed any crimes, nor can it be shown that together or alone they have encouraged unlawful acts. In fact, the opposite can and has been shown. Nothing has been shown by the City of Prattville about Plaintiffs' speech that it might provoke unlawful acts by people or groups bent on preventing Plaintiffs from participating in the event. There is no "clear and present danger" presented in the fact pattern before this Court.

Police officers have a duty to protect participants like the Plaintiffs from the reactions of hostile onlookers. Glasson v. City of Louisville, 518 F.2d 899, 906 (6th Cir. 1975). A police officer has a duty not to ratify and effectuate a heckler's veto nor may he join or assist a mob intent on suppressing ideas. Instead, the police must take reasonable action to protect participants who are exercising their constitutional rights from violence. In the case at bar, the City of Prattville and its police authorities have not fulfilled that duty. Instead, they have quickly given up and given in to those who desire to strangle the Plaintiffs' exercise of their First Amendment rights. During the parade, the police must take steps to ensure the rights of the Plaintiffs, the organizers, the participants and all attendees by enforcing all applicable laws. Such enforcement will drastically reduce the possibility of unlawful behavior. Should the City of Prattville and its police authorities fail to enforce laws so as to protect the Plaintiffs, such failure will constitute strong evidence of the City's breach of its duties towards the Plaintiffs, those participating and those attending. The Plaintiffs simple request that police engage in the duty that they are charged with is in no way a

basis for the City of Prattville to take such extreme actions so as to disseminate the constitutionally protected rights to free speech of the Plaintiffs.

Application of the "3 Step Inquiry" in Free Speech Cases

Free speech cases require a three-step inquiry:

1. Is the speech constitutionally protected?
2. What is the nature of the forum?
3. Is the government's action in cutting off speech legitimate?

<u>Cornelius v. NAACP Legal Defense and Education Fund, Inc.</u>, 473 U.S. 788, 797, 105 S.Ct. 3439, 87 L.ED.2d 567 (1985)

All three questions must be decided adversely to the City of Prattville in the case before the Court.

First: Plaintiffs' speech is clearly constitutionally protected. The First Amendment offers sweeping protection to all manners of speech. The right to freedom of speech means nothing if it is restricted to popular or conventional speech. To escape this authority the City of Prattville must show that the speech falls under an excepted category like advocacy of immediate violence, "fighting words" and so on. However, none of those exceptions apply here.

Second: The nature of the forum is an annual parade offered to the general public to participate in at a city event. The City of Prattville is not a private organization. It has no right to proscribe speech it does not approve. It really has only very limited room in which to approve or disapprove speech.

Third: The City of Prattville act of removing the Plaintiffs' float from the parade based off threats of future violence cannot be deemed legitimate. If such threats were deemed a legitimate cause for preventing the Plaintiffs from participating, such a ruling would empower cowards of every type to shut down all types of events and prevent all types of speech by simply threating

violence. American's First Amendment right to freedom of speech under such a scenario would be a sad joke.

## Plaintiff's' Right to an Injunction

Plaintiffs will be irreparably harmed if an injunction is not granted. Furthermore, as argued below, the Plaintiffs have a likelihood of success in the litigation. A loss of First Amendment freedoms for even minimal periods of time unquestionably constitutes "irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). Where a plaintiff alleges injury arising from a rule or regulation that directly limits free speech, the irreparable nature of the harm may be presumed. Bronx Household of Faith v Board of Education of the City of New York, 331 F.3d 342 (2d Circuit, 2003).

## Conclusion

Plaintiffs are entitled to an Order of the Court requiring the City of Prattville to honor their agreement and permit the Plaintiffs to participate in the parade as scheduled without further obstruction or annoyance. Furthermore, the Order should remind the police authorities of the City of Prattville of its duty to protect Plaintiffs, other participants and all attendees from unlawful behavior of those hostile to the message of the Plaintiffs.

Respectfully submitted the 5th day of December 2024

_____
John T. Winans (WIN059)
Attorney for the Plaintiff
ALA BAR NO: 3456E13A

_____
Julia D. Collins (COL159)
Attorney for the Plaintiff
ALA BAR NO.: 7376H71S

OF COUNSEL:
The Harris Firm LLC
60 Commerce Street, Ste 370
Montgomery, AL 36104
jtwinans@theharrisfirmllc.com
juliacollins@theharrisfirmllc.com


**SERVE DEFENDANTS AT:**

City Of Prattville
c/o Paula Barlow, City Clerk
101 W Main Street
Prattville, Alabama 36067

Mayor Bill Gillespie
Mayor of Prattville
101 W Main Street
Prattville, Alabama 36067