IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **PRATTVILLE PRIDE, et al.** | : | |
| Plaintiffs, | : | |
| | : | |
| vs | : | Case No.: 2:24-CV-00786 |
| | : | |
| **CITY OF PRATTVILLE, et al.** | : | |
| Defendants. | : | |

### PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER

This Honorable Court issue an order on December 9th, 2024 directing the Plaintiffs to show cause, should they have any, as to why this case should not be dismissed for lack of a live case or controversy. In the case of Irish Lesbian & Gay Org. v. Giuliani, the Court wrote,

> The mootness doctrine is derived from the constitutional requirement that federal courts may only decide live cases or controversies. See U.S. Const. art. III; Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3 (1964). A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur. See County of Los Angeles v. Davis, 440 U.S. 625, (1979); Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir.1983). However, a case is not moot if the underlying dispute between the two parties is "capable of repetition, yet evading review." Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 546, (1976) (citation omitted). To show that a case falls within this exception, a party must demonstrate that " '(1) the challenged action was in duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.' " Granato v. Bane, 74 F.3d 406, 411 (2d Cir.1996) (quoting Murphy v. Hunt, 455 U.S. 478, 482, (1982)).

143 F.3d 638, 648 (2d Cir.1998).

The Plaintiffs in the present case initiated this matter approximately twenty-four (24) hours prior to the gathering time for the event that is the crux of the case. At the last minute the City of Prattville disallowed Prattville Pride from participating in the Prattville Christmas Parade. But for this Court in issuing the temporary injunction, Prattville Pride's constitutionally protected rights

would have been disregarded by the City of Prattville and Mayor Bill Gillespie. Based on the behavior of the City of Prattville prior to, during, and even following the parade, **there is a "reasonable expectation that the alleged violation will recur."** *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979).

The City of Prattville hosts a multitude of events throughout the year in which the general public and organizations are allowed to participate—Mardi Gras parade, Fourth of July parade, etc. Without further litigation and assessment of damages and other relief, there is a reasonable expectation that the City will continue to engage in the exact same unacceptable behavior that has led to the initiation of this case in limiting or restricting Prattville Pride's participation, thus satisfying the criteria for determining mootness, i.e. "capable of repetition, yet evading review," as set forth in *Nebraska Press Ass'n v. Stuart,* 426 U.S. 539, 546, 683 (1976).

The City, despite admonition from this Court to provide law enforcement officers during the Parade to address the threats of items being thrown at the float, took no action when an actual projectile was thrown during the parade. During the parade events, a water balloon was thrown by a bystander at the float and did, in fact, make contact with a participant. Law enforcement who accompanied the float were alerted and made contact with the offender, but took no action. A subsequent police report has been filed by the participant who was struck by the water balloon, but without identification of the man in question, no action has been taken by the City nor can be taken by the participant who was struck. There has additionally been no quantitative action taken by the City to dissuade or otherwise quash the behavior of the bad actors who have made threats that ultimately led to the exclusion of the Prattville Pride organization from the festivities. Based on the refusal of the City to take affirmative action in protecting the rights of Prattville Pride

throughout the parade, there is a reasonable expectation that Prattville Pride will continue to face the same discriminatory behavior by the City.

Given the short time between the initiation of the action and the event, there was not sufficient time to fully litigate the issue prior to the expiration of the harmful act. Further, Prattville Pride has made a claim for damages associated with the actions of the City of Prattville and Mayor Gillespie. Even if the Court believes that damages may be nominal, Prattville Pride is entitled to the matter being heard on its merits based on the holding in Beyah v. Coughlin, 789 F.2d 986, 989 (2d Cir.1986) (finding that prisoner's §1983 claim seeking only compensatory and punitive damages was not moot because even if plaintiff were "not able to establish actual damages ... Beyah will be entitled to recover at least nominal damages" *Id*. If the Plaintiffs are able to prove damages when the case is heard on its merits, the City's action in complying with the Court order in allowing Prattville Pride to participate in the parade does not negate or moot the Plaintiff's claim for damages, as the Plaintiffs are allowed under the law to recover damages even if the bad act was thwarted. *See* Crue v. Aiken, 370 F.3d 668, 677 (7th Cir. 2004) (finding that plaintiffs can recover damages on a prior restraint claim even if the message was retracted).

Wherefore, these premises considered, the Plaintiffs in this matter do pray that this Honorable Court will find that there exists a live case or controversy so that this matter may move forward to be heard on its merits and to address the Plaintiff's additional claims for damages and any other relief to which the Court finds that the Plaintiffs may be entitled.

Respectfully submitted this the 13th day of December 2024.

| | |
|---|---|
| /s/ John T. Winans | /s/ Julia D. Collins |
| **John T. Winans (WIN059)** | **Julia D. Collins (COL159)** |
| **Attorney for the Plaintiff** | **Attorney for the Plaintiff** |
| **ALA BAR NO: 3456E13A** | **ALA BAR NO.: 7376H71S** |

OF COUNSEL:
**The Harris Firm LLC**
60 Commerce Street, Ste 370
Montgomery, AL 36104
jtwinans@theharrisfirmllc.com
juliacollins@theharrisfirmllc.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 13th day of December 2024, I electronically filed the foregoing with the Clerk of Court using the electronic filing system which will send notification of such filing to all parties.

| | |
|---|---|
| Andrew Odom | Rob Riddle |
| Counsel for the City | Counsel for the City |
| 707 McQueen Smith Road S | 119 1st Street South |
| Prattville, Alabama 36066 | Prattville, Alabama 36067 |
| andrew@clevelandgroup.legal | rob@riddlelawllc.com |

/s/ John T. Winans                                            /s/ Julia D. Collins
John T. Winans (WIN059)                          Julia D. Collins (COL159)