IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PRATTVILLE PRIDE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 2:24-cv-00786-RAH-KFP |
| ) | |
| CITY OF PRATTVILLE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE AND OBJECTION TO PLAINTIFFS'**
**MOTION FOR ATTORNEY FEES UNDER 42 USC §1988**

COME NOW the Defendants, the City of Prattville, Alabama ("City") and Bill Gillespie, Jr. ("Mayor"), and in response to Plaintiffs' *Motion for Attorney Fees Under 42 U.S.C. §1988* state as follows. (Doc. 26).

In their motion, Prattville Pride asserts they are entitled to recover reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b) because the request for a TRO and preliminary injunction they filed on December 5, 2024 was granted by this Court on December 6, 2024. (Doc. 26, p. 1). Prattville Pride appears to contend that by granting the preliminary injunction, this Court concluded that Defendants "abused their discretion in violating the Plaintiff's First and Fourteenth Amendment [rights]" and, therefore, Prattville Pride is a "prevailing party." (*Id.*).

This Court made no such determination in granting temporary and preliminary injunctive relief in favor of the Plaintiff. Instead, the Court merely found that

1

"Prattville Pride has demonstrated… *a substantial likelihood of success* on the merits…." (Doc. 9, p. 6) (emphasis added).

As an initial matter, Prattville Pride's request for attorney fees under § 1988 the petition is due to be denied "because it was not timely filed in compliance with Fed. R. Civ. P. 54(d)(2)(B)." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1275 (11th Cir. 2006). Under Fed. R. Civ. P. 54(d), "[a] claim for attorney[s'] fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed R. Civ. P. 54(d)(2)(A). "Unless a statute or court order provides otherwise, the motion must ... be filed no later than [fourteen] days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). The motion must also "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(ii)-(iii).

"'Judgment' as used in [Rule 54] includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). The TRO and preliminary injunction entered by the Court on December 6, 2024 was a "judgment" under Rule 54(a) because it was an appealable order under 28 U.S.C. §1292. *See AT&T Broadband v. Tech Communs., Inc.*, 381 F.3d 1309, 1314 (11th Cir. 2004) ("under 28 U.S.C. § 1292 (a)(1), [courts of appeals] have jurisdiction to review district court orders 'granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or

2

modify injunctions'"). However, Prattville Pride did not file their motion for attorneys' fees within fourteen days of that judgment, as required by Rule 54(d)(2)(B)(i). Instead, Prattville Pride waited to file their request for attorneys' fees until almost two months later. (Doc. 26). And the motion filed by Prattville Pride does not "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(ii)-(iii).

Accordingly, Prattville Pride's "motion for attorney fees is untimely under the fourteen-day deadline of Rule 54(d)(2)(B)(i)." *Boswell v. Gumbaytay*, No. 2:07-CV-135-WKW, 2009 U.S. Dist. LEXIS 143158, at *2 (M.D. Ala. Aug. 3, 2009). Because there is no applicable statute, court order, or local rule extending the time for filing motions for attorneys' fees, Prattville Pride's motion for attorney fees is due to be denied. *Id;* Rule 54(d)(2)(B).

Beyond the untimeliness of Prattville Pride's request, there is a question as to whether Prattville Pride is a "prevailing party" under § 1988. Under 42 U.S.C. §1988(b), a "prevailing party" in certain civil rights actions can, within the Court's discretion, recover reasonable attorneys' fees. "A plaintiff qualifies as a prevailing party entitled to attorneys' fees under 42 U.S.C. § 1988 if there is a 'material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.'" *Common Cause Ga. v. Secretary*, 17 F.4th 102, 107 (11th Cir. 2021) (cleaned up).

Defendants acknowledge that the Eleventh Circuit currently interprets the language of §1988(b) "to require either (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." *Id.* (cleaned up). Under this interpretation, Plaintiffs could potentially be considered a "prevailing party" entitled to an award of reasonable attorneys' fees to the extent the preliminary injunction was granted. *Id.*[12] However, the issue of whether obtaining a preliminary injunction is sufficient to qualify as a "prevailing party" is currently pending before the Supreme Court and will likely resolve the circuit split on this issue. *See Lackey v. Stinnie*, No. 23-621 (argued Oct. 8, 2024).

Accordingly, if the Court determines that Prattville Pride's request for attorneys' fees is not due to be dismissed for its untimeliness, Defendants request that the Court delay its determination as to whether Prattville Pride are entitled to

---

[1] Any award of attorneys' fees should be limited to only the work that "was reasonably related to, and reasonably contributed to, the success achieved – i.e., the grant of the injunction" on December 6, 2024. *Beta Upsilon Chi Upsilon Chapter at the Univ. of FL. V. Machen*, F. App'x 471, 472 (11th Cir. 2013).

[2] It is Defendants' position that this case is not about whether Prattville Pride was allowed entry into the City's Christmas parade. Instead, it is about whether the City reacted properly after Prattville Pride alleged it had received threats of harm that were so serious Prattville Pride feared for the safety of the group's members and other parade goers and requested police protection the day before the parade. (*See* Doc. 8). The City was not aware that the "additional" threats of "harmful actions" reportedly received by Prattville Pride following the City Council meeting earlier that week lack legitimacy or credibility until the Court held the hearing the morning of the parade. (*See* Doc. 8; Doc. 9; Doc. 22, p. 6). Had Prattville Pride informed the City that the threats were nothing more than "online threats about throwing eggs, rocks, and water at Prattville Pride's float," this case and, now, issue of attorneys' fees most likely would not have arisen. (Doc. 9, p. 3).

attorney fees until the Supreme Court issues a final opinion in the case of *Lackey v. Stinnie*, No. 23-621 (argued Oct. 8, 2024) because Prattville Pride will not be a "prevailing party" under § 1988 if the Supreme Court overrules current Eleventh Circuit precedent when deciding this issue.

Indeed, a preliminary injunction or TRO is only an initial prediction of whether a plaintiff will be the prevailing party in a case, i.e. a determination of "likelihood of success on the merits," and does not entitle the plaintiff to any form of enduring or permanent relief. *Alabama v. United States Sec'y of Educ.*, No. 24-12444, 2024 U.S. App. LEXIS 21358, at *22 (11th Cir. Aug. 22, 2024). It, therefore, follows that a plaintiff obtaining only preliminary injunctive, or temporary, relief should not be considered a "prevailing party" under § 1988. This is all that Prattville Pride has obtained here. This Court made only an initial prediction of Prattville Pride's likelihood to succeed when it issued a TRO and preliminary injunction in favor of Prattville Pride and did not make any permanent or lasting determination beyond the initial anticipated outcome. Such a determination should not bestow "prevailing party" status upon Prattville Pride, particularly when their case is now moot (*see* Doc. 22), and they should not "prevail" without a determination on the merits.

**CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court deny Prattville Pride's *Motion for Attorney's Fees* (Doc. 26) as untimely or delay its determination until the Supreme Court issues a final opinion in the case of *Lackey v. Stinnie*, No. 23-621 (argued Oct. 8, 2024).

Respectfully submitted this the 19th day of February, 2025.

/s/ Rick A. Howard
Rick A. Howard (ASB-9513-W79R)
Ashley Tidwell Britton (ASB-3974-O48M)
*Counsel for Defendants*

**OF COUNSEL:**
HOLTSFORD GILLILAND HITSON HOWARD
  STEVENS TULEY & SAVARESE, P. C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
334-215-8585
rhoward@hglawpc.com
abritton@hglawpc.com

/s/ Andrew L. Odom
Andrew L. Odom
Attorney for Defendants

OF COUNSEL:
*The Cleveland Firm, LLC*
707 McQueen Smith Road South
Prattville, AL 36066
334-365-6266
Fax: 334-365-6818
Email: andrew@clevelandriddle.com

/s/ Robert E. Riddle

Robert E. Riddle<br>
Attorney for Defendants

OF COUNSEL:
Law Office of Rob Riddle LLC
119 1st Street
Prattville, AL 36067
334-356-3239
Fax: 334-356-3241
Email: rob@riddlelawllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 19th day of February, 2025, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I have emailed or mailed a copy of the foregoing pleading to the following parties:

Julia Dianne Collins
John Tyler Winans
*The Harris Firm LLC*
60 Commerce Street
Suite 370
Montgomery, AL 36105
334-782-9938
Fax: 888-270-6762
Email: stevenharris@theharrisfirmllc.com
(***Counsel for Plaintiffs***)

    on this the 19th day of February, 2025.

/s/ Rick A. Howard<br>
OF COUNSEL