IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PRATTVILLE PRIDE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-00786-RAH-KFP |
| | ) | |
| CITY OF PRATTVILLE, ALABAMA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On December 6, 2024, the Court granted Prattville Pride's request for emergency injunctive relief and ordered the group back into the City of Prattville's Christmas parade with accompanying police protection. Prattville Pride now seeks an award of attorney's fees under 42 U.S.C. § 1988(b). (*See* doc. 26.) The request will be denied.

While Prattville Pride's attorney's fee motion was pending before the Court, the United States Supreme Court issued its decision in *Lackey v. Stinnie*, 145 S. Ct. 659 (2025). *Lackey* is controlling here.

Under *Lackey*, the Supreme Court held that a party who receives interlocutory injunctive relief through a preliminary injunction is not a "prevailing party" within the meaning of 42 U.S.C. § 1988(b) "[b]ecause preliminary injunctions do not conclusively resolve the rights of parties on the merits." 145 S. Ct. at 667. To be a "prevailing party," there must be an enduring "change in the legal relationship." *Id.* at 668. A victory at the preliminary injunction stage is "transient," and even where "external events convert the transient victory into a lasting one," those external

events do not transform the "transient victory" trophy-holder into a "prevailing party." *Id.* at 668–69 ("[E]xternal events that render a dispute moot do not convert a temporary order *designed to preserve the status* of the parties into a conclusive adjudication of their rights." (emphasis added)).

For example, when a preliminary injunction permits a protest to occur, it "preserve[s] the participants' rights until a final determination [can] be made on the merits," but it does not confer prevailing party status even where the preliminary injunction provided participants their desired outcome. *Id.* at 667 (discussing *Sole v. Wyner*, 551 U.S. 74, 80–81 (2007)).

The Court granted Prattville Pride's request for preliminary injunctive relief, which preserved the status of the parties—the City had accepted Prattville Pride's parade application, and the Court's order ensured that status remained.  Prattville Pride had no further case or controversy after their float completed its journey in the Christmas parade, and therefore there was no completed constitutional violation, nor claim for damages. The external event of the Christmas parade's conclusion left Prattville Pride holding the "transient victory" trophy.  But that does not make Prattville Pride a prevailing party.  *Lackey* says so.

The Court finds that Prattville Pride is not a prevailing party and therefore is not entitled to attorney's fees under 42 U.S.C. § 1988(b).  Accordingly, its *Motion for Attorney Fees Under 42 USC § 1988 – Proceedings in Vindication of Civil Rights* (doc. 26) is due to be and is hereby **DENIED**.

**DONE** and **ORDERED** on this the 10th day of April 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE